Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
EDUARDO ANTONIO ARRIOLA,
*individually and on behalf of others similarly situated,*

                *Plaintiff,*

        -against-

FG DINER INC. (d/b/a TRIPLE CROWN DINER), ANDREW GOUNARIS, and VISARION FATSIS,
                *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Eduardo Antonio Arriola ("Plaintiff Antonio" or "Mr. Antonio"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of defendants FG Diner Inc. (d/b/a Triple Crown Diner) ("Defendant Corporation") Andrew Gounaris, and Visarion Fatsis (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Antonio is a former employee of Defendants FG Diner Inc. (d/b/a Triple Crown Diner), Andrew Gounaris, and Visarion Fatsis.

2. Triple Crown Diner is a diner owned by Andrew Gounaris and Visarion Fatsis, located at 248-27 Jericho Turnpike, Bellerose, New York, 11426.

3. Upon information and belief, Defendants Andrew Gounaris and Visarion Fatsis serve or served as owners, managers, principal or agents of Defendant Corporation and through this corporate entity operate the diner.

4. Plaintiff Antonio is a former employee of Defendants.

5. Plaintiff Antonio was employed as a dishwasher.

6. At all times relevant to this Complaint, Plaintiff Antonio worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate overtime compensation for the hours over 40 per week that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Antonio the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8. Defendants' conduct extended beyond Plaintiff Antonio to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Antonio and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Antonio now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL")

§§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146(the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Antonio seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Antonio's state law claims is conferred by 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Antonio was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Eduardo Antonio Arriola ("Plaintiff Antonio" or" Mr. Antonio") is an adult individual residing in Nassau County, New York.

15. Plaintiff Antonio was employed by Defendants from approximately June 2016 until on or about May 31, 2017.

16. Plaintiff Antonio consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all times relevant to this complaint, Defendants own, operate, and/or control a diner located at 248-27 Jericho Turnpike, Bellerose, New York, 11426, under the name "Triple Crown Diner."

18. Upon information and belief, FG Diner Inc. ("Defendant Corporation") is a Corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 248-27 Jericho Turnpike, Bellerose, New York, 11426.

19. Defendant Andrew Gounaris is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Andrew Gounaris is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

20. Defendant Andrew Gounaris possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

21. Defendant Andrew Gounaris determined the wages and compensation of the employees of Defendants, including Plaintiff Antonio, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

22. Defendant Visarion Fatsis is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Visarion Fatsis is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

23. Defendant Visarion Fatsis possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

24. Defendant Visarion Fatsis determined the wages and compensation of the employees of Defendants, including Plaintiff Antonio, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

25. Defendants operate a diner located in the Bellerose Manor section of Queens.

26. Individual Defendants Andrew Gounaris and Visarion Fatsis possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

27. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

28. Each Defendant possessed substantial control over Plaintiff Antonio's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Antonio, and all similarly situated individuals, referred to herein.

29. Defendants jointly employed Plaintiff Antonio, and all similarly situated individuals, and are Plaintiff Antonio's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30. In the alternative, Defendants constitute a single employer of Plaintiff Antonio and/or similarly situated individuals.

31. Upon information and belief, individual defendants Andrew Gounaris and Visarion Fatsis operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

    (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

    (b) defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    (c) transferring assets and debts freely as between all Defendants;

    (d) operating Defendant Corporation for their own benefit as the sole or majority shareholders;

    (e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed Corporation or a closely controlled entity;

    (f) intermingling assets and debts of their own with Defendant Corporation;

    (g) diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

    (h) other actions evincing a failure to adhere to the corporate form.

32. At all relevant times, Defendants were Plaintiff Antonio's employers within the meaning of the FLSA and NYLL.

33. Defendants had the power to hire and fire Plaintiff Antonio, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Antonio's services.

34. In each year from 2016 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the diner on a daily basis, dishwashing liquids and cleaning utensils, were produced outside of the State of New York.

*Individual Plaintiff*

36. Plaintiff Antonio is a former employee of Defendants, employed in performing the duties of a dishwasher.

37. Plaintiff Antonio seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Eduardo Antonio Arriola*

38. Plaintiff Antonio was employed by Defendants from approximately 2000 until on or about 2004 and then from approximately June 2016 until on or about May 31, 2017.

39. Defendants employed Plaintiff Antonio as a dishwasher.

40. Plaintiff Antonio regularly handled goods in interstate commerce, such as dishwashing liquids and cleaning utensils produced outside of the State of New York.

41. Plaintiff Antonio's work duties required neither discretion nor independent judgment.

42. Throughout his employment with Defendants, Plaintiff Antonio regularly worked in excess of 40 hours per week.

43. From approximately June 2016 until on or about May 31, 2017, Plaintiff Antonio worked from approximately 9:00 p.m. until on or about 7:00 a.m. Mondays, Tuesdays, Wednesdays, Fridays, Saturdays, and Sundays (typically 60 hours per week).

44. Throughout his employment, defendants paid Plaintiff Antonio his wages in cash.

45. From approximately June 2016 until on or about May 31, 2017, defendants paid Plaintiff Antonio a fixed weekly salary of $400.00.

46. Throughout his entire employment, defendants forced Plaintiff Antonio to sign a blank document in order to receive his pay.

47. In addition, defendants required Plaintiff Antonio to sign a notebook before and after every shift.

48. Defendants did not provide Plaintiff Antonio with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

49. Defendants never provided Plaintiff Antonio with a written notice, in English and in Spanish (Plaintiff Antonio's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

50. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Antonio regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

51. Defendants regularly required Plaintiff Antonio to work in excess of forty (40) hours per week without paying him the proper minimum wage and overtime compensation.

52. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Antonio (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

53. Throughout his entire employment, Plaintiff Antonio was paid his wages entirely in cash.

54. Throughout his entire employment, defendants forced Plaintiff Antonio to sign a blank document in order to receive his pay.

55. In addition, Defendants required Plaintiff Antonio to sign in and out of a notebook before and after every shift.

56. By employing these practices, Defendants avoided paying Plaintiff Antonio the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

57. Defendants failed to post required wage and hour posters in the diner, and did not provide Plaintiff Antonio with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Antonio's relative lack of sophistication in wage and hour laws.

58. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Antonio (and similarly situated individuals)

worked, and to avoid paying Plaintiff Antonio properly for (1) his full hours worked, (2) minimum wage, and (3) overtime wages.

59. Defendants failed to provide Plaintiff Antonio and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

60. Defendants failed to provide Plaintiff Antonio and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

61. Plaintiff Antonio brings his FLSA minimum and overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on

behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

62. At all relevant times, Plaintiff Antonio and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Antonio's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

63. The claims of Plaintiff Antonio stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

64. Plaintiff Antonio repeats and realleges all paragraphs above as though fully set forth herein.

65. At all times relevant to this action, Defendants were Plaintiff Antonio's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Antonio (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

66. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

68. Defendants failed to pay Plaintiff Antonio (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

69. Defendants' failure to pay Plaintiff Antonio (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

70. Plaintiff Antonio (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

71. Plaintiff Antonio repeats and realleges all paragraphs above as though fully set forth herein.

72. At all times relevant to this action, Defendants were Plaintiff Antonio's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Antonio (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

73. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

74. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

75. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Antonio (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

76. Defendants' failure to pay Plaintiff Antonio (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff Antonio (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
**VIOLATION OF THE NEW YORK MINIMUM WAGE RATE**

78. Plaintiff Antonio repeats and realleges all paragraphs above as though fully set forth herein.

79. At all times relevant to this action, Defendants were Plaintiff Antonio's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Antonio (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

80. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Antonio (and the FLSA Class members) less than the minimum wage.

81. Defendants' failure to pay Plaintiff Antonio (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

82. Plaintiff Antonio (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK STATE
### LABOR LAW'S OVERTIME PROVISIONS

83. Plaintiff Antonio repeats and realleges all paragraphs above as though fully set forth herein.

84. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Antonio (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

85. Defendants failed to pay Plaintiff Antonio (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

86. Defendants' failure to pay Plaintiff Antonio (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

87. Plaintiff Antonio (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

88. Plaintiff Antonio repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants failed to provide Plaintiff Antonio with a written notice, in English and in Spanish (Plaintiff Antonio's primary language), of his rate of pay, regular pay day, and

such other information as required by NYLL §195(1).

90. Defendants are liable to Plaintiff Antonio in the amount of $5,000, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

91. Plaintiff Antonio repeats and realleges all paragraphs above as though set forth fully herein.

92. Defendants did not provide Plaintiff Antonio with a statement of wages with each payment of wages, as required by NYLL 195(3).

93. Defendants are liable to Plaintiff Antonio in the amount of $5,000, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Antonio respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Antonio and the FLSA class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Antonio and the FLSA class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Antonio's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Antonio and the FLSA class members;

(f) Awarding Plaintiff Antonio and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g) Awarding Plaintiff Antonio and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Antonio and the members of the FLSA Class;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Antonio and the members of the FLSA Class;

(j)     Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Antonio's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(k)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Antonio's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Antonio and the FLSA Class members;

(m)     Awarding Plaintiff Antonio and the FLSA class members damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages;

(n)     Awarding Plaintiff Antonio damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Antonio and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p)     Awarding Plaintiff Antonio and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Antonio and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Antonio demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
June 1, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____ \_\_\_
By: Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 31, 2017

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: **Eduardo Antonio Arriola**

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: [signature]

Date / Fecha: 31 de mayo de 2017